UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBALFOUNDRIES US 2 LLC,　　　　　　　　**COMPLAINT**

　　　　　　Plaintiff,　　　　　　　　　　　　Civil Action No.7:22-cv-08754

　-against-

ELECTRO RENT CORPORATION,

　　　　　　Defendant.

---

　　　　GlobalFoundries US 2 LLC ("Global Foundries"), by and through its attorneys, Whiteman Osterman & Hanna LLP, as and for its complaint in this action, alleges as follows:

## PARTIES

　　　　1.　　Global Foundries is a Delaware limited liability company authorized to conduct business in the State of New York. Global Foundries is a wholly owned subsidiary of GlobalFoundries US Inc., a Delaware corporation authorized to conduct business in the State of New York, with a principal place of business in the State of New York.

　　　　2.　　Defendant Electro Rent Corporation ("Defendant") is a California corporation authorized to conduct business in the State of New York, with a principal place of business in the State of California.

## JURISDICTION AND VENUE

　　　　3.　　This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 because there is diversity of citizenship between the parties, as Global Foundries is a citizen of New York and Delaware and Defendant is a citizen of California, and the matter in controversy exceeds the sum or value of $75,000.

4. This Court has personal jurisdiction over this action, and venue is proper in this Court, because the parties have consented to jurisdiction and venue in this Court pursuant to a forum selection clause (*See* Ex. 1, Terms and Conditions, ¶ 17).

## BACKGROUND

5. On or about February 15, 2021, Global Foundries issued purchase order number 162001293493 (the "Purchase Order"), which included Global Foundries' Terms and Conditions, to Defendant for the lease of a Microwave Network Analyzer (the "Equipment") for use in Global Foundries' business. A copy of the Purchase Order is attached as Exhibit 1.

6. Defendant accepted the Purchase Order, delivered the Equipment to Global Foundries and, beginning on or about April 30, 2021, Defendant sent regular invoices to Global Foundries for the rental payments associated with the Equipment, which were timely paid by Global Foundries.

7. Each and every invoice issued by Defendant to Global Foundries expressly referenced the Purchase Order.

8. In or around April 2022, the Equipment malfunctioned or otherwise stopped working as intended, at which time Defendant exercised its right to return the Equipment to Defendant in exchange for the replacement of the Equipment.

9. With the consent of Defendant, Global Foundries arranged for the return of the Equipment to Defendant via a third-party freight carrier.

10. As a matter of law, the risk of loss was retained by or placed on Defendant, as the lessor of the Equipment, at all relevant times (*see* UCC 2A-219(1); UCC 2A-220(1)(b)).

11. The Equipment was lost or stolen while in the control of the third-party carrier and in transit back to Defendant, while the risk of loss was retained by or placed on Defendant.

12. Defendant has since improperly demanded that Global Foundries pay the replacement value of the Equipment and its included software plus applicable tax.

13. Defendant has also demanded that Global Foundries continue to make payments for the Equipment.

14. On or about September 21, 2022, Defendant demanded that Global Foundries pay "the actual buyout amount" for the Equipment of $601,234, plus $80,339.552, representing six months of rental fees, for a total amount of $681,573 (the "Disputed Costs").

15. Global Foundries is not required to pay the Disputed Costs, given that the risk of loss was at all relevant times placed on Defendant.

16. Defendant continues to insist, however, that Global Foundries pay the Disputed Costs, and has threatened to pursue an immediate action against Global Foundries to recover them, along with attorney fees.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

17. Global Foundries repeats and reincorporates each of the allegations set forth in the individual paragraphs above.

18. Based on the foregoing, there exists a bona fide dispute between the parties as to which of them bears the risk of loss related to the Equipment that was lost or stolen in transit while in the custody and control of a third party.

19. Global Foundries lacks an adequate remedy at law to resolve to the dispute.

20. Global Foundries is, therefore, entitled to a declaratory judgment that the risk of loss related to the Equipment must be borne by Defendant, and that Global Foundries is not required to pay the Disputed Costs or any other alleged losses suffered by Defendant in connection

with the Equipment.

**WHEREFORE,** Global Foundries demands a judgment against Defendant, pursuant to 28 USC § 2201 and Federal Rule Civil Procedure 57, declaring that the risk of loss related to the Equipment must be borne by Defendant, declaring that Global Foundries is not required to pay the Disputed Costs or any other alleged losses suffered by Defendant related to the Equipment, and awarding Global Foundries its costs and attorneys' fees incurred in connection with this action, along with such other and further relief as the Court shall deem just, proper, or equitable.

Dated:  October 14, 2022    WHITEMAN OSTERMAN & HANNA LLP
       Albany, New York

BY:  S/William S. Nolan
     William S. Nolan, Esq. (WN-8091)
     *Attorneys for Plaintiff*
     One Commerce Plaza
     Albany, New York 12260
     Telephone: (518) 487-7600
     wnolan@woh.com